<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JAMAINE L. COLE, | |
| Petitioner, | Case No. 2:22-cv-05557 (BRM) |
| v. | |
| PATRICK A. NOGAN, *et al.*, | **OPINION** |
| Respondents. | |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Petitioner Jamaine L. Cole's ("Petitioner") Motion to Amend his Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. (ECF No. 13.) Respondents have opposed the Motion to Amend. (ECF No. 14.) Having reviewed and considered the submissions filed in connection with the motion, for the reasons set forth below, and for good cause having been shown, Petitioner's Motion is **DENIED**.

**I.      BACKGROUND**

On September 13, 2022, Petitioner filed his Petition seeking federal habeas relief. (ECF No. 1.) Three months later, on December 19, 2022, Petitioner filed a motion to stay this matter. (ECF No. 4.) On December 20, 2022, the Honorable John Michael Vazquez, U.S.D.J. (ret.) ("Judge Vazquez") denied Petitioner's motion to stay this matter to pursue his unexhausted claim in a state court petition for Post-Conviction Relief (PCR).[1] (ECF No. 5.) Judge Vazquez found Petitioner had not raised his unexhausted claims in his § 2254 Petition and provided Petitioner with sixty

---

[1] On October 20, 2023, this matter was reassigned to the undersigned for all further proceedings. (ECF No. 10.)

(60) days to file an all-inclusive § 2254 Petition, with all of the claims he wished to pursue in this proceeding. (*See id.*) Respondents filed an answer to the Petition on December 21, 2022. (ECF No. 6.)

On January 27, 2023, Petitioner filed an amended habeas petition, which included the unexhausted claim he was pursuing in his PCR Petition. (ECF No. 8.) On February 1, 2023, Judge Vazquez dismissed Petitioner's unexhausted claim for failure to comply with the Habeas Rules. (*See generally* ECF No. 9.) Judge Vazquez noted, "[i]n his Amended Petition, Ground Four is the unexhausted claim at issue." (*Id.* at 1.) However, Judge Vazquez found Ground Four failed to comply with Habeas Rule 2, as Petitioner stated only that he was "denied effective assistance of counsel during criminal proceedings, trial, plea, and direct appeal." (*Id.* at 1–2.) Petitioner failed to offer any further facts or legal argument in support of Ground Four of the Amended Petition. (*Id.* at 2.) Therefore, Judge Vazquez dismissed Ground Four without prejudice and directed Petitioner "to submit a second amended all-inclusive petition that addresse[d] the deficiencies in [Judge Vazquez's] Order." (*Id.* at 2.) Judge Vazquez administratively terminated this matter on February 1, 2023.  (*Id.* at 3.)

Petitioner failed to file a second amended all-inclusive petition. Rather, on August 11, 2025, over two-and-one-half years after Judge Vazquez dismissed Ground Four for failure to comply with Habeas Rule 2 and terminated this matter, Petitioner filed a Motion to Reopen this matter. (ECF No. 11.) On September 16, 2025, the Court ordered Petitioner to either file a motion to amend, attaching an all inclusive § 2254 Petition, or inform the Court in writing that he wished to proceed with only the claims raised in his initial habeas petition. (ECF No. 12.) On October 20, 2025, Petitioner filed a Motion to Amend and a proposed amended habeas petition, including the fourth ground for relief that Judge Vazquez had dismissed without prejudice. (*See* ECF Nos. 13,

13-1.) Respondents opposed the Motion to Amend, arguing Petitioner's fourth ground for habeas relief should be dismissed without prejudice as it is untimely and does not relate back to any of the claims in Petitioner's initial petition. (*See* ECF No. 14.)

## II.    LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year period of limitation on a petitioner seeking to challenge his state conviction and sentence through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1), the limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *see also Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999). "[T]he statute of limitations set out in § 2244(d)(1) should be applied on a claim-by-claim basis." *Fielder v. Varner*, 379 F.3d 113, 118 (3d Cir. 2004).

Pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and

3

"pending." The judgment is determined to be final by the conclusion of direct review, or the expiration of time for seeking such review, including the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54 (2012).

Rule 15 of the Federal Rules of Civil Procedure provides that pleadings may be amended once as a matter of course within 21 days of the filing of the underlying pleading but that, otherwise, leave of court is required. That leave shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also* Rule 12 of the Rules Governing § 2254 Petitions (providing for the applicability of civil procedure rules generally). Leave to amend may be denied when the amendment would be futile, as when the proposed new allegations fail to state a claim upon which relief can be granted. *See Walton v. Mental Health Ass'n of Se. Pa.*, 168 F.3d 661, 665 (3d Cir. 1999). An amendment to a pleading that would present an untimely claim or defense will be considered to "relate[ ] back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). The Supreme Court has provided additional guidance as to amendments to habeas petitions: an amendment "relates back" "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts." *Mayle v. Felix*, 545 U.S. 644, 664 (2005).

## III.    DECISION

Petitioner has filed a Motion to Amend his Petition to add Ground Four. (ECF No. 13.) In Ground Four, Petitioner raises an ineffective assistance of direct appeal counsel claim, arguing direct appeal counsel failed to raise a new issue of law regarding his sentence pursuant to *State v. Torres*, 250 A.3d 433 (N.J. 2021). (ECF No. 13-1 at 11.) Petitioner argues the New Jersey Supreme

4

Court issued an opinion regarding consecutive sentencing, and direct appeal counsel could have raised it on direct appeal. (*Id.*)

Since federal habeas corpus actions are subject to a one-year statute of limitations, a motion to amend a timely filed habeas petition "will be denied where it is filed after that period expires unless the proposed amendment relates back to the date of the original pleading within the meaning of [Rule 15(c)]." *Howard v. United States*, 533 F.3d 472, 475–76 (6th Cir. 2008). Rule 15(c) permits relation-back of a proposed amendment to a habeas petition when both the pleading and the proposed amendment arise out of the same "conduct, transaction, or occurrence." Fed. R. Civ. P. 15(c)(1)(B). In the habeas context, an amendment relates back to a habeas petition under Rule 15(c) "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts." *Mayle v. Felix*, 545 U.S. 644, 664 (2005). A claim will not relate back, however, to the extent that it "asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 650.

A court may also deny leave to amend where the amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Middlebrook v. Carroll*, 470 F. Supp. 2d 411, 419 (D. Del. 2007). An amendment is futile if the proposed pleading could not withstand a motion to dismiss. *See City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 278 (3d Cir. 2018). Examples of futility in the habeas context include time-barred amendments that do not relate back to the original petition, procedurally barred amendments, and amendments lacking arguable merit. *See Bernard v. United States*, Civ. A. No. 18-15996, 2019 WL 3719405, at *2 (D.N.J. Aug. 5, 2019) (noting amending with time-barred claim that does not relate back would be futile); *Hall v. Phelps*, 641 F. Supp. 2d 334, 342 (D. Del. 2009).

5

Here, Petitioner's proposed fourth ground for habeas relief would be time-barred and does not relate back to his original habeas petition. Although the Petition was timely, Petitioner filed the motion to amend well after the expiration of the AEDPA's one-year limitations period. The New Jersey Supreme Court denied certification on October 5, 2021. *State v. Cole*, 259 A.3d 1286 (N.J. 2021). Petitioner's conviction became final ninety-days later, on January 3, 2022. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Petitioner then had one year, or until January 3, 2023, to file a timely petition for federal habeas relief. Although Petitioner filed a timely habeas petition on September 13, 2022, this "did not stop the clock; there is no statutory tolling during the pendency of a *federal* habeas petition." *Lewis v. McGinley*, Civ. A. No. 23-3973, 2024 WL 185289, at *4 (E.D. Pa. Jan. 16, 2024) (citing *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001)). The AEDPA's statute of limitations continued to run on any new claims until it expired on January 3, 2023. Petitioner filed his motion to amend, seeking to add Ground Four, on October 20, 2025, nearly three years after the time for filing a timely habeas claim expired. As such, Ground Four is untimely.[2]

As Ground Four is untimely, the new ground for relief must relate back to the original habeas petition in order to not be time-barred under the AEDPA. In *Mayle*, the Supreme Court rejected the argument that an amendment to a habeas petition relates back to the original petition

---

[2] Although Petitioner filed a motion to stay this matter on December 19, 2022, to exhaust Ground Four in his PCR petition, Judge Vazquez denied that motion on December 20, 2022, finding Petitioner had failed to include the claim in his habeas petition. On January 27, 2023, Petitioner filed an amended habeas petition, which included a version of Ground Four. However, as explained above, on February 1, 2023, Judge Vazquez dismissed that version of Ground Four for failure to comply with the Habeas Rules. (*See generally* ECF No. 9.) Judge Vazquez directed Petitioner "to submit a second amended all-inclusive petition that addresse[d] the deficiencies in [Judge Vazquez's] Order." (*Id.* at 2.) Petitioner failed to file a second amended all-inclusive petition within the time provided by Judge Vazquez. Instead, Petitioner waited until October 20, 2025, to file the instant Motion to Amend. As such, Ground Four has not been pending before the Court.

6

"so long as the new claim stems from the habeas petitioner's trial, conviction, or sentence," reasoning "[u]nder that comprehensive definition, virtually any new claim introduced in an amended petition will relate back, for federal habeas claims, by their very nature, challenge the constitutionality of a conviction or sentence, and commonly attack proceedings anterior thereto." 545 U.S. at 656–57. The Court held that "relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Id.* at 659 (quoting *Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240, 1259 n.19 (9th Cir. 1982)).

Petitioner's fourth ground for habeas relief does not relate back to his originally asserted habeas claims. In his timely habeas petition, Petitioner argues (1) his Sixth Amendment right to a fair trial was violated by an erroneous jury instruction; (2) his right to remain silent was obstructed by law enforcement and all incriminating statements should have been excluded as fruit of the poisonous tree; and (3) his Sixth Amendment right to confront his accusers was violated. (*See generally* ECF No. 1.) Petitioner now seeks to raise a claim related to his sentence. (ECF No. 13-1 at 11.) This claim does not arise from a common core of facts with any of the three claims asserted in his Petition, which all challenge aspects of his trial, not his sentence. Therefore, Ground Four does not "relate back" to his original Petition and is barred by the statute of limitations. As such, Petitioner's Motion to Amend is **DENIED**.

## IV.   CONCLUSION

For the reasons discussed above, Petitioner's Motion to Amend (ECF No. 13) is **DENIED**. An appropriate order follows.

/s/ Brian R. Martinotti
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: April 17, 2026